83 A.3d 86

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Guillermo RAMOS, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 10, 2013.

Decided Dec. 27, 2013.

James L. Heidecker, Esq., Joshua Enders Karoly, Esq., Karoly Lawfirm, L.L.C., Allentown, for Guillermo Ramos.

Karl Baker, Esq., Ellen T. Greenlee, Esq., Peter Rosalsky, Esq., Defender Association of Philadelphia, Philadelphia, for Defender Association of Philadelphia, amicus curiae.

Heather F. Gallagher, Esq., Havertown, James Bernard Martin, Esq., Lehigh County District Attorney's Office, for Commonwealth of Pennsylvania.

CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, STEVENS, JJ.

## *OPINION*

Justice STEVENS.

This appeal questions whether the imposition of a five-year mandatory minimum prison sentence pursuant to 42 Pa.C.S. § 9712.1 violates Pennsylvania's indeterminate sentencing scheme set forth in 42 Pa.C.S. § 9756(b), when the maximum sentence for a conviction under 35 P.S. § 780–113(f)(2) is also five years.

### *Facts*

On October 23, 2009, officers with the Allentown Police Department and the Lehigh County Drug Task Force executed a search warrant at the residence of Guillermo Ramos (hereinafter "Ramos") where they found Ramos and a female in a bedroom asleep in a bed. N.T. 3/15/11 at 8. The officers detained the two occupants and discovered a black Smith and

Wesson automatic handgun on a dresser located three to four feet from the bed. *Id.* at 8, 12. Officers also found a blue box underneath the handgun which housed two more firearms, and four baggies each containing marijuana were located in the top dresser drawer. *Id.* at 12–13; N.T., 1/31/11 at 5. The three marijuana plants found in the dresser yielded 1.4 grams, and when an additional three marijuana plants discovered in a nearby closet were processed, they rendered a weight of 27.4 grams. N.T., 1/31/11 at 5. Officers also confiscated packaging material which included a box of sandwich bags from a dresser. N.T., 3/15/11 at 14–15; N.T., 1/31/11, at 5. Ramos took full responsibility for the possession of all of the aforementioned items.

On January 31, 2011, Ramos entered an open guilty plea to charges of Manufacturing of a Controlled Substance (Marijuana) and Possession with Intent to Deliver a Controlled Substance (Marijuana) ("PWID") both of which were violations of 35 P.S. § 780–113(a)(30).[1] On February 10, 2011, the Commonwealth provided written notice that it intended to proceed under the mandatory sentencing provision of 42 Pa.C.S. § 9712.1 and 35 P.S. § 780–113(a)(30) with regard to Ramos's guilty plea to the PWID count. On April 8, 2011, the trial court sentenced Ramos to an aggregate sentence of five months to ten years in prison. Specifically, Ramos received nine months to five years in prison on the Manufacturing of a Controlled Substance (Marijuana) conviction to run concurrently with a term of five months to ten years in prison on the PWID conviction.[2] In an amended sentencing order entered

1. **35 P.S. § 780–113. Prohibited acts; penalties**

(a)(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780–113(a)(30).

2. While the sentencing order and criminal docket indicate Ramos was sentenced to five months to ten years in prison for this conviction, the sentencing court indicated on the record the sentence would be five years to ten years. N.T., 4/8/11 at 8.

on that same date, after stating its belief that the sentence it had imposed on the PWID count exceeded the allowable statutory maximum, the sentencing court modified the sentence for that conviction to a flat, five year prison term which it deemed to be a mandatory sentence pursuant to 42 Pa.C.S. § 9712.1. Ramos did not file a post-sentence motion, but he did file a timely appeal with the Superior Court on April 29, 2011.

The Superior Court unanimously affirmed his judgment of sentence in an unpublished memorandum opinion. *Commonwealth v. Ramos*, No. 1154 EDA 2011, 47 A.3d 1238 (Pa.Super. filed March 9, 2012). In doing so, it relied upon this Court's holding in *Commonwealth v. Bell*, 537 Pa. 558, 645 A.2d 211 (1994), *cert. denied, Bell v. Pennsylvania*, 513 U.S. 1153, 115 S.Ct. 1106, 130 L.Ed.2d 1072 (1995) wherein upon our analysis of 18 Pa.C.S. § 7508,[3] we determined that a mandatory minimum sentence of five years could be read consistently with a maximum allowable sentence of the same amount of time, and, therefore, found that where a mandatory sentence is invoked, a sentencing court may impose a flat, five-year sentence. In a footnote, the Superior Court also acknowledged that the "minimum-maximum rule," 42 Pa.C.S. § 9756, and the sentencing maximum outlined in 35 P.S. § 780–113(f)(2), are general statutory provisions, whereas the mandatory minimum provision under which Ramos had been sentenced, 42 Pa.C.S. § 9712.1, was specifically enacted to deal with situations where firearms are found in a defendant's possession and control, or near the controlled substance, at the time of the offense. The Superior Court determined that our rules of statutory con-

---

**3.** Subsection (a)(1) of this statute provides for certain penalties depending upon the amount of marijuana involved and reads as follows:

§ **7508. Drug trafficking sentencing and penalties**

**(a) General rule.**—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply: (1) A person who is convicted of violating section 13(a)(14), (30) or (37) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, where the controlled substance is marijuana shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection: 18 Pa.C.S. § 7508(a)(1) (footnote omitted).

struction provide the more specific statute shall prevail in the event of a conflict under 1 Pa.C.S. § 1933. *Commonwealth v. Ramos*, No. 1154 EDA 2011 slip. op. at 5 n. 3, 47 A.3d 1238 (Pa.Super. filed March 9, 2012).

### *Arguments*

Ramos states that the only question presented to this Court for review is the legality of imposing a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712.1 which is equal to the statutory maximum sentence provided for that offense. Brief for Appellant at 10. Ramos contends it is an impermissible violation of Pennsylvania's indeterminate sentencing scheme mandated by 42 Pa.C.S. § 9756(b) to impose a flat, five year mandatory minimum sentence under 42 Pa.C.S. § 9712.1, when the maximum sentence for the underlying conviction of PWID is also five years pursuant to 35 P.S. § 780–113(f)(2). Ramos reasons that as Section 9712.1 was adopted in 2005, years after 18 Pa.C.S. § 7508 had been enacted and *Bell* had been decided, if the Legislature intended a reading that would have allowed Sections 9712.1 and 113(f)(2) to be interpreted consistently, it would have included prefatory language similar to that which it included in 18 Pa.C.S. § 7508. Ramos further argues that under 42 Pa.C.S. § 9756, his sentence must have a range that includes a minimum and a maximum prison term, and, therefore, his sentence of nine months to five years on the Manufacture of a Controlled Substance conviction and concurrent five year prison sentence for the PWID conviction violates the minimum-maximum rule. Stated another way, Ramos posits that if the flat, five year term is added to the minimum sentence, the sentence becomes five years and nine months to five years, which violates the minimum-maximum rule, and if it is added to his maximum sentence, it becomes nine months to ten years, and exceeds the maximum term set forth under 35 P.S. § 780–113(f)(2).

The Defender Association of Philadelphia filed an *amicus curiae* brief on behalf of Ramos wherein it argues that 42 Pa.C.S. § 9712.1 does not contain any type of prefatory proviso, while in *Bell* the statute at issue, 18 Pa.C.S. § 7508(a)(1),

contained explicit statutory language that it applied "[n]otwithstanding any other provision of this or any other act to the contrary," and this Court found such specific language "explicitly trumped" the minimum-maximum rule when sentencing a defendant under Section 7508. Brief of *Amicus Curiae* Defender Association of Philadelphia on Behalf of Appellant Guillermo Ramos at 9. *Amicus* concludes that an interpretation of Section 9712.1 which requires a flat, five-year term of incarceration where the underlying, substantive drug offense has a maximum authorized penalty of imprisonment not exceeding five years would lead to an unconstitutional result and, therefore, such a construction should be avoided. *Id.* at 11.[4]

The Commonwealth contends that under the circumstances presented herein, an irreconcilable conflict between 42 Pa.C.S. § 9756(b) and 42 Pa.C.S. § 9712.1 exists but maintains that the legislative intent of the latter statute was to supersede the former. The Commonwealth finds support for its position in the Statutory Construction Act which provides that whenever a general provision in a statute conflicts with a special provision in the same or another statute, that special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision was enacted later and it is the manifest intention of the General Assembly that the

4. *Amicus* also argues it would be unconstitutional to interpret Section 9712.1 to require a flat, five year prison term under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) wherein our Supreme Court held that any fact other than the fact of a prior conviction which increases the penalty for a crime beyond the prescribed statutory maximum must be proven beyond a reasonable doubt and be submitted to the jury. This Court has held that:

> Pennsylvania's sentencing scheme, with its guidelines and suggested minimum sentences, is 'indeterminate, advisory, and guided' in its nature. Therefore, in Pennsylvania, a sentence imposed for a given conviction does not implicate *Apprendi* concerns unless that sentence exceeds the applicable statutory maximum.

*Commonwealth v. Gordon*, 596 Pa. 231, 244, 942 A.2d 174, 182 (2007) (citations omitted). Moreover, as Ramos does not raise the issue of an *Apprendi* violation herein, we will not consider it. *See Holt v. LRC*, 620 Pa. 373, 397 n. 12, 67 A.3d 1211, 1225 n. 12 (Pa.2013) (stating that to the extent an *amicus curiae* brief attempts to raise issues not implicated in the parties' presentations, we will not reach those issues).

general provision will be paramount. 1 Pa.C.S. § 1933. The Commonwealth also relies upon language from the Act which specifies that where statutory provisions enacted finally by different General Assemblies are irreconcilable, the statute last enacted shall prevail. 1 Pa.C.S. § 1936. The Commonwealth concludes that as 42 Pa.C.S. § 9712.1 was enacted on January 31, 2005, after 42 Pa.C.S. § 9756, its more specific terms apply herein.

### *Discussion*

The issue Ramos raises for our consideration "is a question of statutory construction, which presents a pure question of law, meaning our review is plenary and non-deferential." *Commonwealth v. Zortman*, 611 Pa. 22, 29, 23 A.3d 519, 522–23 (2011) (citation omitted), *cert. denied, Zortman v. Pennsylvania*, —— U.S. ——, 132 S.Ct. 1634, 182 L.Ed.2d 236 (2012).

Section 113(f)(2) of the Controlled Substance, Drug, Device and Cosmetic Act (hereinafter the "Drug Act") provides, in pertinent part, that:

(f) Any Person who violates clause (12), (14) or (30) of subsection (a) with respect to:

\* \* \*

(2) [a]ny other controlled substance or counterfeit substance classified in Schedule I, II, or III, is guilty of a felony and upon conviction thereof **shall be sentenced to imprisonment not exceeding five years,** or to pay a fine not exceeding fifteen thousand dollars ($15,000), or both.[5]

35 P.S. § 780–113(f)(2) (emphasis added).

42 Pa.C.S. § 9712.1 entitled "Sentences for certain drug offenses committed with firearms" also states:

**(a) Mandatory sentence.—Any person who is convicted of a violation of section 13(a)(30) of the act of April 14, 1972 (P.L. 233, No. 64), [35 P.S. § 780–113]** known as The

---

5. The term "controlled substance" includes marijuana. *See* 35 P.S. §§ 780–102 and 780–104(1)(iv). Marijuana is classified in Schedule I, 35 P.S. § 780–104(1)(iv), and it is not a "narcotic drug" as defined in 35 P.S. § 780–102.

Controlled Substance, Drug, Device and Cosmetic Act, **when at the time of the offense the person** or the person's accomplice **is in physical possession or control of a firearm,** whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, **shall likewise be sentenced to a minimum sentence of at least five years of total confinement.**

42 Pa.C.S. § 9712.1(a) (emphasis added).

Finally, 42 Pa.C.S. § 9756, entitled "Sentence of total confinement," reads:

(a) **General rule.**—In imposing a sentence of total confinement the court shall at the time of sentencing specify any maximum period up to the limit authorized by law and whether the sentence shall commence in a correctional or other appropriate institution.

(b) **Minimum sentence.**—

(1) The court shall impose a minimum sentence of confinement **which shall not exceed one-half of the maximum sentence imposed.**

42 Pa.C.S. § 9756(a), (b) (emphasis added).

■ Prior to engaging in an interpretation of the interplay of the aforementioned statutes, we are guided by the following:

It is well-settled that the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly and that the plain language of the statute is generally the best indicator of such intent. 1 Pa.C.S. § 1921(a), (b). When ascertaining the intent of the General Assembly, there is a presumption that the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable. 1 Pa.C.S. § 1922(1). Furthermore, the words of a statute shall be construed according to rules of grammar and according to their common and approved usage. 1 Pa.C.S. § 1903(a). Every statute shall be construed, if possible, to give effect to all its provisions. 1 Pa.C.S. § 1921(a). We will only look

beyond the plain meaning of the statute where the words of the statute are unclear or ambiguous. 1 Pa.C.S. § 1921(c); *see also Commonwealth v. Diodoro*, 601 Pa. 6, 970 A.2d 1100, 1106 (2009). Finally, we also presume that when enacting legislation, the General Assembly is familiar with extant law. *White Deer Twp. v. Napp*, 603 Pa. 562, 985 A.2d 745, 762 (2009).

*Zortman*, 611 Pa. at 32–33, 23 A.3d at 525.

In *Bell, supra*, the consolidated appeals at issue involved Bell and his codefendant who had been convicted of possession of 116 pounds of marijuana with intent to deliver, a violation of 35 P.S. § 780–113(a)(30), and challenged as unconstitutional the sentencing provisions set forth in 18 Pa.C.S. § 7508(a)(1)(ii) and (iii). Section 7508(a)(1)(ii) provided that a three-year minimum sentence shall be imposed for marijuana trafficking of between ten and fifty pounds, while section 113(f)(2) of the Drug Act set the maximum sentence for the offense at five years. This, Bell argued, resulted in the minimum sentence exceeding one-half of the maximum sentence in violation of 42 Pa.C.S. § 9756(b). In addition, Bell further claimed that while Section 7508(a)(i)(iii) set the minimum sentence for the marijuana trafficking of over fifty pounds at five years, Section 113(f)(2)'s provision that five years is the maximum sentence for that offense also was incompatible with Section 9756(b) of the Sentencing Code.

This Court ultimately rejected the argument that Section 7508 impliedly repealed Section 113(f)(2) because such argument had been based upon the assumption that the two provisions were irreconcilable. Instead, we found it was possible for the terms of incarceration mandated in the two provisions to be applied consistently. We explained that Section 7508(a)(1)(ii)'s mandatory minimum sentence of three years, read together with Section 113(f)(2)'s maximum five year sentence, results in a three to five year sentence for individuals convicted of possession with the intent to deliver between ten and fifty pounds of marijuana and similarly, one convicted of possession with the intent to deliver at least fifty pounds of marijuana would receive a flat, five-year term of imprison-

ment, i.e., a five-year minimum and five-year maximum. We concluded that such a construction provides a maximum sentence and therefore allows us to avoid striking the statutory provisions as void for vagueness, though we acknowledged this result was inconsistent with Section 9756(b). *Bell*, at 569, 645 A.2d at 217. However, we stressed that although the minimum-maximum rule of Section 9756(b) had been a longstanding concept in Pennsylvania, it is also a statutory, not a constitutional, provision, and, "[t]herefore, the prefatory language in § 7508 providing 'Notwithstanding any other provision of this or any other act to the contrary' carves out an exception to the minimum-maximum rule when sentencing a defendant under § 7508." *Bell*, at 570, 645 A.2d at 217. We reasoned that this was the most desirable interpretation of the statute since it would further the legislative intent to invoke harsher minimum penalties for drug trafficking. *Id.* We also commented that the Legislators did not specifically discuss the aspects of a maximum sentence for offenses included in Section 7508 or the effect the mandatory minimum sentence provided for therein would have upon the maximum sentences set forth in the Drug Act. We ultimately held that although the Legislature did not expressly provide a maximum sentence in Section 7508(a)(1)(ii) or (iii), one reasonably can be implied when that section is read together with Section 113(f)(2) of the Drug Act and the fact that this construction is contrary to Section 9756(b)'s minimum-maximum rule is of no constitutional moment. *Bell*, at 571, 645 A.2d at 218.

Herein, Ramos pleaded guilty to two, ungraded felonies both of which carried five-year maximum prison terms under Section 780–113(f)(2). The Commonwealth sought to impose the mandatory minimum sentence under 42 Pa.C.S. § 9712.1 with regard to only the PWID conviction. While 35 P.S. § 780–113(a)(30) provides the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance is a prohibited act, for which the penalty in 35 P.S. § 780–113(f)(2) applies, 42 Pa.C.S. § 9712.1, entitled "Sentences for certain drug offenses committed with firearms," provides for a separate penalty where one is engaged in such a

prohibited act while also in possession or control of a firearm. Thus, three seemingly applicable but irreconcilable statutes are involved, given that Ramos cannot be sentenced to the five-year mandatory minimum sentence imposed under Section 9712.1(a), the five-year maximum sentence required by Section 780–113(f)(2), and also have the minimum sentence not exceed one-half the maximum sentence as provided by Section 9756(b)(1); however, in addressing the interaction of these statutes, we must consider both the language and the timing of the relevant provisions.

In 1972, the General Assembly enacted the Drug Act, Act of Apr. 14, 1972, P.L. 233, No. 64, which provided for a five-year statutory maximum sentence for violation of Subsection (a)(30), possession with intent to deliver controlled substances, including marijuana. 35 P.S. § 780–113(f)(2). Soon thereafter, in 1974, the Legislature provided for the indeterminate sentence scheme applicable to all criminal sentences. 42 Pa.C.S. § 9756(b)(1) (originally enacted as 18 Pa.C.S. § 1356(b)). Three decades later, in 2004, the General Assembly enacted Section 9712.1(a), instructing courts to impose a five-year mandatory minimum sentence upon those convicted of violating Subsection 30, possession with intent to deliver, while in possession of a firearm. 42 Pa.C.S. § 9712.1(a) (enacted Dec. 1, 2004, effective Jan. 31, 2005).

Our rules of statutory construction globally instruct that a special provision in a statute "shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail." 1 Pa.C.S. § 1933. As applied to this case, the minimum-maximum provision of Section 9756(b)(1) is the general provision because it applies to all criminal sentences. In contrast, the other two sections relevant to this case are specific provisions: the five-year mandatory minimum sentence of Section 9712.1(a) applies only to the subset of criminals who have been convicted of 35 P.S. § 780–113(a)(30) while in physical possession of a firearm, and the five-year maximum sentence of Section 780–113(f)(2) applies only to the

subset of criminals who have been convicted of three subsections of Section 780–113(a), including Subsection 30. Accordingly, given the conflict herein, it would appear that the five-year mandatory minimum and maximum sentence provisions would prevail over the general minimum-maximum provision. Moreover, the five-year mandatory minimum sentence provision and the five-year maximum sentence provision do not conflict with each other as they can be construed to give effect to both via a flat, five-year sentence, as imposed in this case.

In addition, the General Assembly enacted the five-year mandatory minimum sentence provision of Section 9712.1(a) in 2004, whereas the minimum-maximum provision of Section 9756(b)(1) was enacted in 1974. Accordingly, the proviso in 1 Pa.C.S. § 1933 does not apply to the conflict between the specific mandatory minimum of Section 9712.1(a) and the general minimum-maximum provision of Section 9756(b)(1) because the general provision was not enacted later in time than the specific provision.

In contrast, 35 P.S. § 780–113(f)(2), providing for a maximum five-year sentence, was enacted two years prior to the minimum-maximum provision of Section 9756(b)(1). Nonetheless, there is no evidence that the Legislature had a "manifest intention" for the general minimum-maximum provision to override the specific provision of Section 780–113(f)(2), which provides for a five-year maximum sentence for drug related crimes. 1 Pa.C.S. § 1933. Because the provisions were not in conflict at the time of enactment, an intent to override is not discernable given that any sentence for the relevant crimes merely would have a maximum sentence of five years or less and a minimum sentence of one half or less of that maximum. Rather, the conflict arises only upon the application of the mandatory minimum provision set forth in the most recent statute, 42 Pa.C.S. 9712.1(a).

Though Ramos acknowledges that given its more recent enactment, the specific provision of Section 9712.1(a) would prevail over the general mandatory minimum provision, he maintains that the Legislature manifested its intent for the earlier minimum-maximum provision to control by failing to

include prefatory language in the mandatory minimum provision of Section 9712.1(a) similar to that which this Court had relied upon in finding a flat sentence to be permissible in *Bell, supra.* To the contrary, while this Court utilized the plain "notwithstanding" language to resolve the statutory conflict in *Bell,* there is no indication that the Legislature, in failing to include the same prefatory language in Section 9712.1(a), demonstrated a manifest intent for courts to ignore other rules of statutory construction, like Section 1933.[6] Instead, the intent most clearly manifested in Section 9712.1(a) is the imposition of a five-year mandatory minimum sentence when an individual violates 35 P.S. § 780–113(a)(30) while in possession of a firearm. In phrasing Section 9712.1(a) in its chosen manner, our Legislature has determined that an individual dealing drugs while possessing firearms must be subject to a more severe penalty. Indeed, we have previously discussed the legislative intent behind the enactment of Section 9712.1 as follows:

> Notably, the available legislative history indicates that the General Assembly's main concern in enacting Section 9712.1 was ... to provide law enforcement and prosecution personnel across the Commonwealth with greater means to "break the link between guns and drugs once and for all.... The whole purpose of this legislation to provide a mandatory sentence is to take guns out of drug trafficking and stop gun violence." *Consideration of H.B. 752 Continued,* Pa. H.R. Reg. Sess. No. 105 (Dec. 16, 2003) (statement of Rep. Bard of Montgomery County); "The purpose of this amendment is to provide a deterrent for those who are dealing in drugs and using firearms." *Reconsideration of A5329,* Pa. S. Reg. Sess. No. 65 (Nov. 19, 2004) (statement of Sen. Piccola of Dauphin County).

*Commonwealth v. Zortman,* 611 Pa. 22, 34, n. 4, 23 A.3d 519, 526 n. 4 (2011) *cert. denied, Zortman v. Pennsylvania,* —— U.S. ——, 132 S.Ct. 1634, 182 L.Ed.2d 236 (2012).

---

**6.** Moreover, as we noted in *Bell,* while the minimum-maximum provision "is a longstanding concept in our Commonwealth, it is a statutory and not a constitutional provision." *Id.,* at 569–570, 645 A.2d at 217.

In conclusion, we hold that as the most recent and the specific statute, 42 Pa.C.S. § 9712.1 controls. Accordingly, under 1 Pa.C.S. § 1933, the general provision of 42 Pa.C.S. § 9756(b)(1), regarding minimum and maximum sentences, must yield to the specific sentencing provisions of Section 9712.1(a) and Section 780–113(f)(2), respectively requiring a five-year mandatory minimum sentence and a maximum sentence of no more than five years for a violation of Section 780–113(a)(30). As such, the trial court properly imposed a flat, five-year prison sentence for Ramos's PWID conviction.

Affirmed.

Chief Justice CASTILLE, Justices SAYLOR, EAKIN, BAER, TODD and McCAFFERY join the opinion.

Justice SAYLOR files a concurring opinion.

Justice SAYLOR, concurring.

I join the majority opinion, except for footnote four. To the extent the majority broaches the subject of this Court's understanding of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *see* Majority Opinion, at 425 n. 4, 83 A.3d at 89 n. 4, it is important to recognize that there have been more recent, material developments at the federal level. *See Alleyne v. United States,* —— U.S. ——, ——, 133 S.Ct. 2151, 2162–63, 186 L.Ed.2d 314 (2013) (holding that an aggravating fact that increases a mandatory minimum sentence must be submitted to the jury for a finding beyond a reasonable doubt).