J. S06039/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES M. HANDZUS, | : | |
| | : | |
| Appellant | : | No. 1342 EDA 2014 |

Appeal from the Judgment of Sentence March 13, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division No(s).: CP-46-CR-0003708-2011

BEFORE: BENDER, P.J.E., LAZARUS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED MARCH 16, 2015**

Appellant, James M. Handzus, appeals from the judgment of sentence imposed by the Montgomery County Court of Common Pleas after this Court previously affirmed Appellant's convictions, but remanded for resentencing.[1] Appellant presently claims the evidence was insufficient to support two counts for possession with intent to deliver[2] ("PWID") methamphetamines and the trial court erred in imposing an enhanced mandatory minimum

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***Commonwealth v. Handzus***, 1541 EDA 2012 (unpublished memorandum) (Pa. Super. June 7, 2013), *appeal denied*, 467 MAL 2013 (Pa. Nov. 27, 2013).

[2] 35 P.S. § 780-113(a)(30).

sentence based on those two convictions. For the reasons that follow, we are precluded from addressing the claims raised by Appellant. However, we conclude, *sua sponte*, that the trial court's sentence is illegal in light of **Alleyne v. U.S.**, 133 S. Ct. 2151 (2013), and this Court's decisional law. Therefore, we vacate the judgment of sentence and remand for resentencing.

The trial court summarized the facts underlying Appellant's conviction.

> [Appellant] flew into Montgomery County from the West in his private airplane with a substantial quantity of methamphetamine acquired in Las Vegas that he intended to sell. Local police knew about [Appellant] and his coming to the area, and set about to catch him in a drug deal. An undercover officer posing as a drug dealer was in contact twice by telephone with [Appellant] about such a sale. [Appellant] voiced reservations about talking over the phone, and suggested they get prepaid phones. At some point, he indicated he hadn't had problems doing such transactions in the past without using phones. When the officer qua dealer expressed misgivings about his "customers" getting impatient, [Appellant] told him not to worry, the deal would be done quickly and to bring a "toolbox" when they met. The officer in his experience in such matters recognized this as code for paraphernalia used in weighing and packaging drugs.
>
> [Appellant] and the officer met at a restaurant. [Appellant] came to the meeting with an accomplice, his common-law wife. They indicated to the officer they had about a pound of meth[amphetamines] to sell, and in the future could arrange to deliver five to ten pounds to him When the officer said he didn't normally buy in such quantities, the female said the price for a pound would be $27,000, and that it could be sold on the street for prices that amounted to $64,000 to $76,800.
>
> [Appellant] took from his neck a necklace and handed it to the officer, telling him to go to the restroom and open a

case on the necklace.[3] The officer did so, finding what he in his expertise believed to be, and what later proved to be, methamphetamine, in the approximate amount of 3.42 grams. The officer returned to the couple and gave them the necklace containing the substance, together with $2,000 as a down payment on the larger quantity of meth he was to buy from them.

The three then repaired to the parking lot of the restaurant, where the conspirators were to retrieve luggage from their car containing the meth to be sold, and the officer was then to drive them to their hotel room, where they would consummate the deal. The officer opened the tailgate of his truck so the luggage could be loaded, and at that point the conspirators were arrested. A later search of the luggage pursuant to a warrant revealed what chemical testing showed to be over 433 grams (about a pound) of a substance containing methamphetamine, having a wholesale value of about $27,000. A search of the airplane turned up, among other things, computer printouts about testing the purity of crystal meth.

Trial Ct. Op., 12/27/12, at 1-2.

---

[3] As to the necklace, the officer testified as follows:

[Appellant]—I tell him before I show him money, I have to make sure. Repeatedly they are telling me it's in their luggage.

[Appellant] has a necklace. It almost looks like an aquatic necklace for a boater so it—a mariner's or something like that I think they call it—so it doesn't sink— and he hands it to me and sends me to the bathroom to look.

N.T., 11/28/11, at 22. After examining the contents of the necklace in the bathroom, the officer returned to the table and gave the necklace to Appellant's accomplice. *Id.* at 25. The officer opined that Appellant had given him the substances in the necklace to conduct a test to confirm Appellant possessed methamphetamines. *Id.* at 26.

Appellant proceeded to a nonjury trial and was found guilty of two counts each of PWID, criminal use of a communication facility,[4] possession of drug paraphernalia,[5] and conspiracy.[6]  Of relevance to this appeal, the trial court found Appellant guilty on two counts of PWID—one count related to the 3.42 grams of methamphetamines in the necklace ("Count I"), the second count related to the 433 grams found in the luggage ("Count II").

On April 24, 2012, the trial court sentenced Appellant as follows: (1) one to two years' imprisonment on Count I; (2) a consecutive eight to twenty years' imprisonment on Count II, based on 18 Pa.C.S. § 7508(a)(4)(iii);[7] (3) a concurrent four to ten years' imprisonment for

---

[4] 18 Pa.C.S. § 7512(a).

[5] 35 P.S. § 780-113(a)(32).

[6] 18 Pa.C.S. § 903.

[7] The eight-year minimum sentence imposed by the trial court on Count II was based the weight and "other drug trafficking conviction" provisions of Section 7508(a)(4), which stated:

> (4) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is methamphetamine . . . shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:
>
> *    *    *
>
> (iii) when the aggregate weight of the compound or mixture containing the substance involved is **at least 100 grams**; five years in prison and a fine of $50,000

conspiracy to commit PWID—Count II; and (4) concurrent one-year probationary terms on the remaining count of conspiracy to commit PWID—Count I, two counts of criminal use of a communication facility, and two counts of possession of drug paraphernalia. The aggregate sentence was nine to twenty-one years' imprisonment.

Appellant took an appeal to this Court, asserting three claims. *Handzus*, 1541 EDA 2012, at 2-4. First, he argued the eight-year minimum sentence based on 18 Pa.C.S. § 7508 was improper because "the drug transactions at issue were not actually two separate transactions, but simply one transaction conducted in two parts." *Id.* at 2. Second, he argued the trial court erred in finding him RRRI ineligible.[8] Third, he claimed the maximum sentence of twenty-years on Count II was illegal. This Court rejected Appellant's first two arguments on their merits, but held the twenty-year maximum sentence was illegal, because Appellant's conviction on Count I did not increase the maximum penalty for Count II under 35 P.S.

---

or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; **however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense**: eight years in prison and $50,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.

18 Pa.C.S. § 7508(a)(4)(iii) (emphases added).

[8] Recidivist Risk Reduction Incentive Act (RRRI), 61 Pa.C.S. §§ 4501-4512.

§ 780-115. *Id.* at 4. We thus affirmed the convictions, vacated the judgment of sentence, and remanded for resentencing. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.

Upon remand, the trial court resentenced Appellant on March 13, 2014, to one to four years' imprisonment on Count I, eight to ten years' imprisonment on Count II, again based on 18 Pa.C.S. § 7508(a)(4)(iii),[9] and did not alter the sentences on the remaining counts. The resulting aggregate sentence was nine to fourteen years' imprisonment. Appellant did not file post-sentence motions, but timely took the present appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement.

Appellant presents the following questions for review:

> Are the Appellant's convictions for two (2) separate and distinct violations of 35 P.S. § 780-113(a)(30) supported by legally sufficient evidence?
>
> Can the first part of a two-part drug transaction, occurring on the same day, at the same location, within minutes and yards of each other, serve as a separate, predicate drug trafficking offence for purposes of applying the mandatory minimum sentence set forth in 18 Pa.C.S. § 7508(a)(4)(iii)?

Appellant's Brief at 5.

---

[9] As noted below, the eight to ten year sentence on Count II was permissible based on the application of 18 Pa.C.S. § 7508(a)(4)(iii). *See* *Commonwealth v. Ramos*, 83 A.3d 86, 94 (Pa. 2013) (holding general provision of 42 Pa.C.S. § 9756(b)(1), requiring minimum sentence not exceed one-half maximum sentence, yields to the specific sentencing provisions).

It is well settled that "where a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed." ***Commonwealth v. Lawson***, 789 A.2d 252, 253 (Pa. Super. 2001). Issues not related to the scope of the remand and not preserved in the original appeal cannot be raised for the first time in an appeal following remand. ***Commonwealth v. Jackson***, 765 A.2d 389, 395 (Pa. Super. 2000).

Moreover,

> [a]mong the related but distinct rules which make up the law of the case doctrine are that: (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) **upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court**; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.

***Commonwealth v. Viglione***, 842 A.2d 454, 461-62 (Pa. Super. 2004) (*en banc*) (citation omitted) (emphasis added).

In light of the foregoing, we are constrained to conclude that Appellant's issues are not properly before this Court. Consideration of Appellant's challenge to the sufficiency of the evidence would be inappropriate given the limited issue involved in our prior remand order and Appellant's failure to preserve his challenge in the prior appeal.[10] ***See Lawson***, 789 A.2d at 253; ***Jackson***, 765 A.2d at 395; ***Handzus***, 1541 EDA

---

[10] Moreover, there is no indication that

2012 at 2-4. Moreover, this Court previously decided Appellant's conviction on Count I constituted a prior conviction for the purposes of applying Section 7508(a)(4)(iii), and the law of the case doctrine precludes us from revisiting that issue. **See Viglione**, 842 A.2d at 462; **Handzus**, 1541 EDA 2012 at 2-3.

Although we conclude Appellant's issues warrant no relief, we observe **Alleyne** was decided on June 17, 2013, ten days after this Court ordered remand. "Since this Court may *sua sponte* address a sentence based on its illegality, and, based on existing precedent, an **Alleyne** claim can present a legality of sentence issue," we review the legality of the sentence imposed on Count II. **See Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 277 (Pa. 2014). Our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Cardwell**, 105 A.3d 748, 750 (Pa. Super. 2014).

Instantly, the trial court resentenced Appellant on Count II to eight to ten years' imprisonment based on 18 Pa.C.S. § 7508(a)(4)(iii). Sections 7508(a) and (b), however, have been held unconstitutional in light of **Alleyne** and are not severable. **Commonwealth v. Fennell**, 105 A.3d 13, 18-20 (Pa. Super. 2014). Thus, Appellant's sentence on Count II is illegal and must be vacated. ***Id.*** In so doing, we make the following observations. First, the trial court's reliance upon Section 7508(a)(4)(iii) provision was not rendered "harmless" in light of a stipulation to the weight

of the substances or a separate finding of fact beyond a reasonable doubt at trial. *See id.* at 20. Second, even if the trial court were permitted to enhance Appellant's sentence based on a prior drug trafficking conviction, the enhancement under Section 7508(a)(4)(iii) required a threshold finding regarding the weight of the methamphetamine. *See* 18 Pa.C.S. § 7508(a)(4)(iii); *but cf. Commonwealth v. Akbar*, 91 A.3d 227, 239 n.9 (Pa. Super. 2014) ("No Pennsylvania case has applied to sentences enhanced solely by prior convictions"). Lastly, as noted above, the application of Section 7508(a)(4)(iii) permitted the trial court to sentence Appellant to eight-to-ten years' imprisonment on Count II without offending the "minimum-maximum" rule in 42 Pa.C.S. § 9756. *See Ramos*, 83 A.3d at 94. In the absence of an appropriate and specific sentencing provision, however, 42 Pa.C.S. § 9756 should apply.

Because our decision disrupts the overall sentencing scheme of the trial court, we vacate the judgment of sentence in its entirety and remand for resentencing. *See Commonwealth v. Tanner*, 61 A.3d 1043, 1048 (Pa. Super. 2013).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/16/2015</u>