J-S07010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TROY LEE MEREDITH, | |
| Appellant | No. 1115 MDA 2015 |

Appeal from the Judgment of Sentence June 4, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-SA-0000035-2015

BEFORE:  BOWES, OTT, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 16, 2016**

Troy Lee Meredith appeals from the judgment of sentence of ninety days imprisonment that was imposed after he was convicted of driving with a suspended license—DUI related.

The record reveals the following.  On January 16, 2015, Appellant was issued a citation for driving with a suspended license—DUI related.  He was convicted of that offense on April 2, 2015 by Magisterial District Judge Glenn K. Manns.  He appealed that decision to the Court of Common Pleas of Franklin County, and was again convicted on May 28, 2015.  Two Chambersburg police officers observed Appellant, whom they recognized, driving a blue Neon on East King and Main Streets in Chambersburg.

_____

* Former Justice specially assigned to the Superior Court.

Appellant's certified driving record revealed numerous past Motor Vehicle Code violations and license suspensions. Most recently, Appellant's license was suspended for one year effective January 31, 2014, due to a conviction for driving with a suspended license—DUI related.

The matter proceeded to sentencing, where the trial court imposed a flat sentence of ninety days imprisonment. This sentence was imposed pursuant to 75 Pa.C.S. § 1543(b)(1), which states, in pertinent part, that if anyone drives a vehicle with a driver's license suspended for a DUI offense, that person "shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days." Appellant objected that the ninety-day flat sentence violated the provisions of 42 Pa.C.S. § 9756(b)(1), which states that the court "shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." This appeal followed imposition of sentence. Appellant raises one contention on appeal,

> Whether the Trial Court erred in imposing a flat term of 90 days imprisonment following Appellant's conviction of Driving While Operating Privilege is Suspended or Revoked, given the Sentencing Code provision stating that, in imposing total confinement, a court shall specify a maximum period as well as a minimum sentence that does not exceed one-half of the maximum.

Appellant's brief at 5. Appellant relies upon § 9756(b)(1) and our decision in

***Commonwealth v. Postie***, 110 A.3d 1034 (Pa.Super. 2015).

We note that "a claim that a flat sentence should have instead had minimum and maximum terms goes to the legality of the sentence[.]" *Id*. at 1043. "Our scope of review of challenges to the legality of a sentence is plenary, and the standard of review is *de novo.*" *Id*. (citation omitted). In *Commonwealth v. Klingensmith*, 650 A.2d 444 (Pa.Super. 1994), this Court ruled on the question presently before this panel. Therein, Klingensmith received a flat sentence of ninety days imprisonment under § 1543(b)(1) for driving with a suspended license—DUI related. At the time, § 1543(b)(1) mandated a ninety-day jail term for the crime in question. The trial court also imposed a sentence of one to two years imprisonment for a DUI offense. Thus, Klingensmith's aggregate was one year and ninety days to two years and ninety days.

On appeal, Klingensmith argued that the sentence violated § 9756(b)(1) since the minimum sentence exceeded one-half of the maximum sentence. We observed that § 9756(b)(1) was a general statute applicable to sentencing for all crimes while § 1543(b)(1) was specific to the offense of driving with a suspended license—DUI related. The *Klingensmith* Court ruled that "75 Pa.C.S. § 1543(b) implicitly creates an exception to 42 Pa.C.S. § 9756(b) by specifically authorizing a trial court to impose a flat minimum mandatory sentence of ninety days for driving with a suspended license when the license was suspended as a result of a prior DUI conviction." *Id*. at 447. *Accord Commonwealth v. Ramos*, 83 A.3d 86,

92-93 (Pa. 2013) (ruling that minimum-maximum provision of § 9756(b)(1) pertinent to all criminal sentences yielded to more specific minimum-maximum sentencing paradigm applicable to persons convicted of drug-trafficking offenses and upholding imposition of a five-year flat sentence).

In **Postie**, which is the case relied upon by Appellant, the defendant was not sentenced under a statute that mandated imposition of a flat sentence. Postie was convicted of driving while his driving privileges were suspended and he was a repeat offender. The trial court imposed a flat sentence on Postie of four months imprisonment. He was sentenced pursuant to 75 Pa.C.S. § 6503(a.1), which sets forth, "A person convicted of a sixth or subsequent offense under section 1543(a) shall be sentenced to . . . imprisonment for not less than 30 days but not more than six months."

The **Postie** Court noted that § 6503(a.1) did not call for the imposition of a flat sentence and, instead, permitted a range of sentences. Within that range, a sentence that was in compliance with § 9756(b)(1) was feasible in that the trial court could have imposed a minimum sentence that did not exceed one-half of the maximum sentence and still complied with § 6503(a.1). We thus agreed with Postie that his flat sentence of four months violated § 9756(b)(1).

In this case, **Klingensmith** rather than **Postie** applies. While **Klingensmith** involved a prior version of § 1543(b)(1) that called for imposition of a sentence of ninety days imprisonment and did not allow a

minimum of sixty days and a maximum of ninety days, the current version of § 1543(b)(1) is not sufficiently distinguishable from the one examined in **Klingensmith**. Section 1543(b)(1) now states that the sentence must be at least sixty days but cannot exceed ninety days imprisonment. Its language prohibits imposition of a minimum sentence that could be one-half or less of the maximum sentence, unlike the sentencing provision examined in **Postie**. Section 1543(b)(1) mandates a sentence that cannot be in compliance with § 9756(b)(1), remains specific to license suspension cases, compels imposition of a flat sentence, and controls over the more general § 9756(b)(1). **Ramos**, **supra**; **Klingensmith**, **supra**. Thus, the flat sentence of ninety days imprisonment is not infirm in this case.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/16/2016