J-S26030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                                : PENNSYLVANIA
                                                                :
                              v.                                :
                                                                :
                                                                :
GENOA TRUSTY                                   :
                                                                :
                          Appellant             :       No. 1629 EDA 2017

Appeal from the Judgment of Sentence April 13, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005214-2016

BEFORE: BENDER, P.J.E., BOWES, J., and STEVENS*, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED JULY 17, 2018**

Genoa Trusty appeals from the judgment of sentence imposed after a jury convicted him of corruption of minors, involuntary deviate sexual intercourse ("IDSI"), and two counts of aggravated indecent assault of a child. We affirm.

The victim, T.B., was born in December 2000. Appellant is the father of two of T.B.'s half-siblings. Appellant committed acts of abuse upon T.B. between the spring of 2010 and the summer of 2013. Too scared to tell any adults at the time of the incidents, T.B. eventually told her grandmother what Appellant had done, the police were contacted, and a criminal complaint filed against Appellant in 2016. Appellant proceeded to trial in January 2017, and a jury found him guilty of the above-mentioned offenses.[1]

_____

[1] The jury found him not guilty of rape.

* Former Justice specially assigned to the Superior Court.

Following a presentence investigation and psychosexual evaluation, Appellant, who was forty-one years old and had a prior record that included corruption-of-minors convictions as to a different child, was sentenced on April 13, 2017, to an aggregate term of one hundred twenty-four to three hundred twenty-four months imprisonment. Appellant also was informed of the lifetime registration requirement under the Sex Offender Registration and Notification Act ("SORNA"). Appellant filed no post-sentence motions, but filed a timely notice of appeal. Thereafter, both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following questions for this Court's review.

1) Whether the evidence is insufficient to sustain the two convictions for aggravated indecent assault since the Commonwealth failed to prove, beyond a reasonable doubt, that Appellant engaged in penetration, however slight, of the genitals or anus of the complainant with any part of his body?

2) Whether the evidence is insufficient to sustain the conviction for involuntary deviate sexual intercourse since the Commonwealth failed to prove, beyond a reasonable doubt, that Appellant engaged in oral or anal intercourse with the complainant, where it was not established that penetration occurred?

3) Whether lifetime sexual offender registration, which was imposed as a condition of Appellant's sentence, is illegal since it exceeds the statutory maximum for all of the offenses at issue in this case?

Appellant's brief at 5.

We begin with the law applicable to our review of Appellant's claim that the evidence was insufficient to sustain his convictions.

Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Williams*, 176 A.3d 298, 305-06 (Pa.Super. 2017) (citations and quotation marks omitted).

With his first two claims, Appellant challenges the sufficiency of the evidence to sustain his convictions for IDSI and aggravated indecent assault of a child. A person is guilty of the latter when he or she "engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures" if the person does so without the complainant's consent, or by forcible compulsion or threat of forcible compulsion, and the complainant is less than thirteen years old. 18 Pa.C.S. § 3125(a), (b). A person is guilty of IDSI is he or she engages in deviate sexual intercourse with a person who is less than sixteen years old and the person is four or more years older than the complainant. 18 Pa.C.S. § 3123(a)(7). The

definition of deviate sexual intercourse includes oral sex "with some penetration however slight; emission is not required." 18 Pa.C.S. § 3101.

The trial court offered the following summary of the relevant evidence offered at trial.

> The minor complainant testified at trial that the incidents began when she was nine (9) years old and [Appellant] secluded her in a bedroom, had her sit on a bed and undressed her by removing her pants and underwear. [T.B.] recounted that while sitting on the bed [Appellant] wet his fingers and touched her vaginal area "in between." [T.B.] explained that while there was not complete digital penetration, [Appellant's] fingers touched "where they would be inside" or as she more specifically testified, between her vaginal lips. After [Appellant] digitally penetrated the lips of [T.B.'s] vagina, he began rubbing his penis about her vaginal area. [T.B.] testified directly that [Appellant's] penis then penetrated her vaginal lips. [T.B.'s] testimony was clear that both [Appellant's] fingers and his penis penetrated her vaginal lips, although not entering her vagina more fully.
>
> [T.B.] testified that on a subsequent occasion the sexual victimization began in the same manner with [Appellant] again secluding her in a bedroom before removing her pants and underwear. [Appellant] during this second incident once more began "rubbing his penis against [her] vaginal area." [T.B.] candidly and credibly testified that while his sex organ did not enter her vagina, [Appellant's] penis did go inside or between the lips of her vagina. [Appellant] in the course of this incident again wet his fingers and began touching [T.B.'s] vaginal area, penetrating her vaginal lips.
>
> [T.B.] as well testified that during this subsequent episode of sexual abuse[, Appellant] after penetrating the lips of her vagina digitally and with his sex organ also preformed "oral" on her vaginal area. The testimony of [T.B.] was clear that [Appellant's] mouth made contact with and penetrated her vagina. [T.B.] detailed that [Appellant] placed his head between her legs and using his head to push and keep her legs apart gained complete and direct access to her genital areas. As [T.B.] testified, [Appellant's] lips and tongue throughout the course of

- 4 -

these actions did make contact with the area in between her vaginal lips.

Trial Court Opinion, 12/20/17, at 11-13.

Appellant claims that the Commonwealth failed to prove beyond a reasonable doubt the penetration element of the crimes. Appellant's brief at 12, 16. In so arguing, Appellant points to T.B.'s testimony that Appellant did not put his fingers or tongue inside of her vagina. *Id*. at 14, 16-17. Appellant further contends that T.B.'s testimony that he put his fingers and tongue "between" the lips of her vagina has "two equally plausible meanings." *Id*. at 15. Appellant proffers that it could mean either that his "fingers were in the center (but on top) of the sides of her labia," or that his fingers "were between and inside of her labia." *Id*. He asserts his convictions are thus unsound because the jury had to speculate which of these things T.B. meant. *Id*. We disagree.

It has long been settled that, for purposes of indecent assault, "the term 'penetration, however slight' is not limited to penetration of the vagina; entrance in the labia is sufficient." *Commonwealth v. Hunzer*, 868 A.2d 498, 505-06 (Pa.Super. 2005) (quoting *Commonwealth v. Hawkins*, 614 A.2d 1198, 1200 n.1 (Pa.Super. 1992)). It is equally well-established that the term as is defined in § 3101 and is applicable to IDSI, also means any entry in the labia: "penetration of the vagina, in essence the farther reaches of the female genitalia, is not necessary to find penetration[.]" *Commonwealth v. Ortiz*, 457 A.2d 559, 561 (Pa.Super. 1983).

Had T.B. indicated that Appellant made brief, fleeting contact "between" her labia, Appellant's semantic argument might have some measure of persuasiveness. However, T.B. indicated that Appellant **rubbed** "between" her labia with his penis and with wetted fingers, and that he used his mouth and tongue to perform oral sex for an extended period of time "between" her labia while she tried to close her legs and to move away from him. N.T. Trial, 1/4/07, at 55-56, 76-80. Based upon the touching T.B. described, the jury did not have to speculate to conclude beyond a reasonable doubt that Appellant perpetrated at least a **slight** penetration of her labia with his penis,[2] fingers, and mouth/tongue. Indeed, it is perhaps the only reasonable inference to draw from the circumstances, as it would seem nearly impossible that "penetration, however slight" was not caused by the quality and quantity of movement T.B. detailed.

Thus, we hold that the evidence was sufficient to prove the penetration elements of aggravated assault of a child and IDSI. **Accord Commonwealth v. Stahl**, 175 A.3d 301, 305 (Pa.Super. 2017) (holding that, giving the prosecution the benefit of all reasonable inferences, the evidence was sufficient to establish the unconscious-or-unaware elements of rape and IDSI

_____

[2] Appellant claims his acquittal on the rape charges shows the jury found that "the evidence failed to establish that [he] penetrated [T.B.'s] vagina with his penis[.]" Appellant's brief at 12 n.10. Of course, no such conclusion is warranted, as it has long been the law of Pennsylvania that "[a]n acquittal cannot be interpreted as a specific finding in relation to some of the evidence." **Commonwealth v. Carter**, 282 A.2d 375, 376 (Pa. 1971).

(unconscious or unaware victim)).  As such, Appellant's first two issues do not merit relief.

With his remaining issue, Appellant claims that the trial court imposed an illegal sentence in ordering him to comply with the lifetime registration requirement imposed by SORNA.[3]  Appellant begins by invoking our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), in which it held that, for purposes of the prohibition against *ex post facto* laws, SORNA's registration requirements were punitive, rather than collateral civil consequences to a conviction, and thus could not be applied retroactively.[4] Appellant's brief at 18.  Appellant next asserts that because application of SORNA constitutes punishment, "[l]imitations on criminal sentencing, including statutory maximums, must therefore control its application." **Id**. at 19.  Appellant contends that it follows that his lifetime registration requirement is akin to a lifetime probationary term. **Id**.  Therefore, Appellant concludes, his sentence is illegal because it exceeds the aggregate maximum

---

[3] Although Appellant raises this issue for the first time on appeal, waiver does not apply.  **See**, **e.g.**, **Commonwealth v. Robinson**, 931 A.2d 15, 19-20 (2007) (*en banc*) ("A challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction.").

[4] Appellant acknowledges that retroactivity is not a problem here, as "[a]t least two of these convictions were based upon conduct that allegedly occurred in 2013, after the effective date of SORNA."  Appellant's brief at 18 n.12.

sentence of sixty-seven years allowable for his convictions pursuant to 18 Pa.C.S. § 1103.[5]

Even assuming *arguendo* that Appellant's SORNA registration requirement is part of his sentence for purposes of the 18 Pa.C.S. § 1103 calculations, his sentence is not illegal. First, it is axiomatic that "[a] trial court ordinarily has jurisdiction to impose any sentence which is within the range of punishments which the legislature has authorized for the defendant's crimes." ***Commonwealth v. Tucker***, 143 A.3d 955, 960 (Pa.Super. 2016). Similarly well-established is the rule of statutory construction directing that a general statutory provision is in conflict with a special provision, the special provision controls as an exception to the general.[6] 1 Pa.C.S. § 1933.

Analyzing Appellant's argument with these principles in mind, it is clear that, while there is a general statute that says the maximum term of supervision for his crimes is sixty-seven years, our legislature has enacted a special provision imposing a lifetime registration requirement upon individuals convicted of particular sexual offenses, including those for which Appellant

_____

[5] As Appellant acknowledges, he was convicted of three first-degree felonies and one third-degree felony. Appellant's brief at 18. Individuals convicted of first- and third-degree felonies may be sentenced to terms of imprisonment of twenty and seven years, respectively. 1 Pa.C.S. § 1933(1), (3).

[6] The general provision, however, can trump the specific if the general was enacted at a later date and it is "the manifest intention of the General Assembly that such general provision shall prevail." 1 Pa.C.S. § 1933. Here, 18 Pa.C.S. § 1103, was enacted in 1972 and last amended in 1995, well before the specific provisions of SORNA.

was convicted. *See* 42 Pa.C.S. §§ 9799.17(d) (designating IDSI and aggravated indecent assault as Tier III offenses), and 9799.15(a)(3) (providing that an individual convicted of a Tier III offense must register for life). Accordingly, the special provisions of SORNA control. ***Commonwealth v. Ramos***, 83 A.3d 86, 94 (Pa. 2013) (affirming a flat sentence of five years imprisonment upon holding that the later-enacted, special provision of a five-year mandatory minimum sentence controlled over general statutes that provided that the maximum sentence for the crime was five years and that the minimum could not exceed half of the maximum). Therefore, Appellant's punishment is not illegal, but rather is specifically authorized by our legislature.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/18