**[J-85-2020][M.O. – Wecht, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 10 EAP 2020 |
| | : | |
| Appellee | : | Appeal from the Judgment of Superior |
| | : | Court entered on 7/11/19 at No. 1670 |
| | : | EDA 2017 (reargument denied 8/28/19) |
| v. | : | affirming vacating and remanding the |
| | : | judgment of sentence entered on |
| | : | 4/26/17 in the Court of Common Pleas, |
| | : | Philadelphia County, Criminal Division |
| KHALID EID, | : | at No. CP-51-CR-0003605-2016 |
| | : | |
| Appellant | : | ARGUED:  October 20, 2020 |

*CONCURRING AND DISSENTING OPINION*

**JUSTICE SAYLOR**                                          **DECIDED:  April 29, 2021**

I join Parts I and II(A) of the majority opinion and respectfully dissent relative to Part II(B).

Initially, I note that Appellant argued, in the Superior Court, that Section 1543(b)(1.1)(i) required a flat sentence of 90 days imprisonment.  *See* Brief for Appellant dated May 31, 2018, in *Commonwealth v. Eid*, No. 1670 EDA 2017 (Pa. Super.), 2018 WL 7291297, at *31-32.  Ordinarily, therefore, the position that the statute is constitutionally infirm and void -- which presently is adopted by the majority *sua sponte* -- would be deemed waived.  While I recognize that the illegal-sentence doctrine serves as an exception to waiver principles, previous cases in which the construct has been applied generally involved the intervening issuance of a controlling ruling invalidating the underlying statute.  *See, e.g.*, *Commonwealth v. Barnes*, 637 Pa. 493,

503, 151 A.3d 121, 127 (2021) (reflecting the application of the illegal-sentence doctrine in circumstances in which a defendant's judgment of sentence violated the intervening decision in *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151 (2016)). I am able to support the majority's approach of affording review of the statute's constitutional validity only based on the recent precedent in *Commonwealth v. Moore*, ___ Pa. ___, ___ A.3d ___, 2021 WL 1133063 (Mar. 25, 2021), which I view as broadening the illegal-sentence doctrine to encompass a far wider array of constitutional challenges to statutes prescribing criminal liability and sentences, even where no such predicate ruling exists. *See id.* at ___, ___ A.3d at ___, 2021 WL 1133063, at *7-9 (Saylor, C.J., concurring).

On the merits, the majority opinion holds that the absence of a maximum sentence renders the statute in question unconstitutionally vague. *See* Majority Opinion, *slip op.* at 22. Along these lines, in *Commonwealth v. Bell*, 537 Pa. 558, 645 A.2d 211 (1994), this Court previously proclaimed, via a brief footnote, that the Pennsylvania Constitution -- in a self-acknowledged departure from widely recognized federal constitutional norms -- requires the General Assembly to prescribe a maximum sentence. *See id.* at 566 n.9, 643 A.2d at 215 n.9. "Otherwise," the Court pronounced, "the trial judge is free to impose an arbitrary or discriminatory sentence." *Id.*

This simply is not true, however, since it is clearly an abuse of discretion -- and therefore unlawful -- for a sentencing court to impose an arbitrary or discriminatory sentence. *See generally Harman ex rel. Harman v. Borah*, 562 Pa. 455, 469, 756 A.2d 1116, 1123 (2000) (explaining that "[d]iscretion must be exercised on the foundation of reason" and that an abuse of discretion exists, *inter alia*, when the trial court has rendered a judgment that is arbitrary or capricious (citation omitted)). Indeed, sentencing courts are required by law to consider a range of factors including the gravity of the offense in relation to the impact on victims and the community, *see* 42 Pa.C.S.

§9721(b), and one of the Superior Court's critical functions is to protect against manifestly excessive sentences that constitute too severe a punishment. *See* 42 Pa.C.S. §9781(b). *See generally Commonwealth v. Mouzon*, 517 Pa. 419, 423-26, 812 A.2d 617, 620-21 (2002).

In *Bell* and subsequently, the Court has blended statutory construction (*i.e.*, discernment of whether a maximum sentence that does not appear on the face of a statute can be found elsewhere) with the requirement, as stated in the *Bell* footnote, that defendants must be apprised of a statutory maximum. *See, e.g., Commonwealth v. Ramos*, 623 Pa. 420, 432-33, 83 A.3d 86, 94 (2013) (deriving a statutory maximum for one statute from a different one); *Bell*, 537 Pa. at 571, 645 A.2d at 218 (same). However, as the majority otherwise explains, vagueness is to be assessed according to the ability of ordinary citizens to understand the essential import. *See* Majority Opinion, *slip op.* at 16-17 (citing *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S. Ct. 1855, 1858 (1983)). And it is unrealistic, to my mind, to expect ordinary citizens to engage in a cerebral exercise in statutory construction -- for example, by analyzing remote statutory provisions -- to determine what the maximum sentence might be for any particular offense.

Left to my own devices -- in light of this apparent disconnect -- I would reassess the foundational pronouncement of the *Bell* footnote in an appropriate case, both since I believe it was *dictum* and as it is so superficial as to meet the exception to the doctrine of *stare decisis* for decisions which are not adequately supported in reason. *See generally Mayhugh v. Coon*, 460 Pa. 128, 135, 331 A.2d 452, 456 (1975) (discussing *stare decisis* and the applicable exceptions). Pending such reevaluation, I accept that principles of statutory construction may be employed to satisfy the ostensible notice requirement embodied in the *Bell* footnote, and thus, to supply

maximum-sentence designations that are otherwise absent on the face of a sentencing statute.

In the present case, along these lines, I credit the Commonwealth's position that the decision of the Supreme Court of the United States in *Baldwin v. New York*, 399 U.S. 66, 90 S. Ct. 1886 (1970) -- holding that sentences of imprisonment beyond six months could not be deemed petty, *see id.* at 69, 90 S. Ct. at 1888 -- provides a ceiling of six months for traffic offenses, such as the present one, that the Legislature has couched as "summary." 75 Pa.C.S. §1543(b)(1.1)(i). In this regard, the main, operative principle of statutory construction is the presumption that the Legislature did not intend to violate constitutional norms. *See* 1 Pa.C.S. §1922(3).

For these reasons, I would affirm the order of the Superior Court, albeit based on an alternative rationale.