## Commonwealth ex rel. Milk, Appellant, *v.* Maroney.

Argued April 10, 1962.  Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*M. H. Matson,* for appellant.

*Martin Lubow,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY MONTGOMERY, J., June 13, 1962:

In this habeas corpus proceeding relator, James Milk, raises two questions:

(a)  When a sentence is suspended with the condition that it will be imposed upon violation of the law in the future, is a conviction, in accord with due process of law, necessary before the said suspended sentence can be imposed?

(b)  The legality of his present sentence.

Relator, while serving a sentence of 10 to 20 years

in the Western State Diagnostic and Correctional Institution, escaped. He was apprehended, indicted, plead guilty, and was sentenced 7½ to 15 years, but his sentence was suspended on the following conditions: "And in order to guarantee their good faith and that nothing in the future will take place such as this, I am at this time suspending sentence, which means, upon violation of the law in the future that these defendants may be sentenced as follows James Milk 7½-15 . . ."

Subsequently, relator attempted to escape again. No information was sworn out for this attempt and he was not indicted for same, but a rule to show cause why the suspended sentence should not be revoked was issued and made absolute after hearing. Thereupon the sentence of 7½ to 15 years was imposed.

Having been paroled on the original 10 to 20 year sentence, he now seeks his discharge for the reasons hereinbefore set forth.

In asserting his first contention, relator takes too limited a view of the conditions underlying the suspension of his second sentence. The full conditions are that good faith on his part be demonstrated and that "nothing in the future will take place such as this" (meaning jail break or even an attempt). Good faith, of course, encompasses many things and is not limited to conviction of crime. He has failed to exercise good faith with the court since his hearing on the rule to show cause demonstrated that he had attempted another escape, which was cause for revocation of the order of suspension and the imposition of the sentence. Acts of June 19, 1911, P. L. 1055; May 7, 1925, P. L. 554, No. 297, 19 P.S. 1051-1055. *Commonwealth v. Fox*, 69 Pa. Superior Ct. 456.

However, there is some merit in his second contention which requires a correction of his second sentence. The second sentence of 7½ to 15 years was imposed

subsequent to the effective date of the amendment of July 29, 1953, P. L. 1445, to the Act of June 24, 1939, P. L. 872, 18 P.S. 4309. The original act provided as the sentence for prison breach "imprisonment, to commence from the expiration of his original sentence, of like nature, and for a period of time not exceeding the original sentence, by virtue of which he was imprisoned." However, the amendment provided that the sentence should not exceed 10 years. The re-enacted statute providing the lesser penalty should have been followed. *Commonwealth of Pennsylvania v. Beattie,* 93 Pa. Superior Ct. 404. However, the excessiveness of the sentence does not entitle relator to his discharge. *Commonwealth ex rel. Otten v. Smith,* 126 Pa. Superior Ct. 238, 190 A. 525. The sentence is subject to correction and by this Court. *Commonwealth ex rel. Spanos v. Keenan,* 176 Pa. Superior Ct. 245, 107 A. 2d 593; *Commonwealth ex rel. Rogers v. Ashe, Warden,* 133 Pa. Superior Ct. 364, 3 A. 2d 45.

And now, to wit, June 13, 1962 it is therefore adjudged that the sentence heretofore imposed upon relator by the Court of Quarter Sessions of Allegheny County at 84 January Sessions 1953 be corrected and amended by reducing it to within the limits provided by the Act of July 29, 1953, P. L. 1445 (18 P.S. 4309) viz., from 7½ to 15 years as originally imposed to from not less than 5 years to not more than 10 years; otherwise it is to remain as originally imposed; and respondent may treat the commitment under which he holds relator, James Milk, as though it had been amended accordingly.

In all other respects the order of the court below is affirmed.