Commonwealth *v.* Swavely, Appellant.

Submitted March 22, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Calvin S. Drayer, Jr.*, and *Timothy F. Hennessey*, Assistant Public Defenders, for appellant.

*Stewart J. Greenleaf*, Assistant District Attorney, *William T. Nicholas*, First Assistant District Attorney, and *Milton O. Moss*, District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., July 18, 1974:

In this case appellant contends that the lower court erred in not sentencing him under an act which reduced the penalty for the crime he committed and became effective after commission of the crime but before sentence was imposed. We agree with appellant and, therefore, remand for resentencing.

On January 23, 1972, appellant was arrested and charged with operating a motor vehicle after suspension of operating privileges under §624(6) of The Vehicle Code, Act of April 29, 1959, P. L. 58, §624(6), *as amended*, 75 P.S. §624(6). At the time of appellant's arrest, the violation of §624(6) was a misdemeanor for which the penalty was: ". . . a fine of not less than one hundred dollars ($100.00) and not more than five hundred dollars ($500.00) and costs of prosecution, or undergo imprisonment for not more than three (3) years, or suffer both such fine and imprisonment." Act of April 29, 1959, P. L. 58, §624, *as amended*, 75 P.S. §624. On May 26, 1972, the penalty provision was amended to read: "Any person violating any of the provisions of clauses (6) or (7) of this section for the first offense, shall, upon summary conviction thereof, be sentenced to pay a fine of not less than one hundred dollars ($100.00) or more than two hundred dollars ($200.00) and costs of prosecution, or to undergo imprisonment for not more than two (2) months, or both." Act of May 26, 1972, P. L. 313, No. 84, §1, 75 P.S. §624 (Supp. 1973-74).[1] The amended penalty provision provided for a harsher punishment for second offenders, but this was appellant's first offense.

On November 13, 1972, appellant entered a plea of guilty to the violation of §624(6). He received a suspended jail sentence and was released on probation for a period of 18 months. Appellant, however, violated the terms of his probation, and on August 6, 1973, was sentenced to not less than 3 nor more than 23 months in Montgomery County Prison. It was from the imposition of this sentence that appellant has appealed.

Appellant claims that he should have received the benefit of the amendment to §624 which reduced the

---

[1] This amendment became effective 60 days after its final enactment. Act of November 26, 1970, P. L. 707, §3, 1 Pa. C.S. §1701.

penalty for the offense he committed. On the other hand, the lower court concluded that it was required to impose the penalty applicable at the time of the commission of the offense.

We were faced with a similar question in *Commonwealth ex rel. Milk v. Maroney,* 198 Pa. Superior Ct. 442, 181 A.2d 702, *allocatur refused,* 198 Pa. Superior Ct. xxix (1962), *cert. denied,* 372 U.S. 920 (1963). In that case a sentence of 7½ to 15 years was imposed upon petitioner for prison breach.[2] However, before petitioner was sentenced an amendment became effective which provided that such a sentence should not exceed 10 years.[3] Our Court held that "[t]he re-enacted statute providing the lesser penalty should have been followed." *Id.* at 445, 181 A.2d at 703.[4]

Under the facts of the present case where the amendment to the penalty provision of §624 of The Vehicle Code[5] did not contain any "saving clause" to continue the effect of the prior repealed penalty provision,[6] we hold that the lower court erred in sentencing appellant under the repealed penalty provision of §624 of The Vehicle Code.

Remanded for resentencing.

---

[2] Act of June 24, 1939, P. L. 872, §309, *as amended,* 18 P.S. §4309.

[3] Act of July 29, 1953, P. L. 1445, §1, 18 P.S. §4309.

[4] Several other jurisdictions follow the rule that where a statute mitigating punishment becomes effective after the criminal act but before judgment the lesser punishment should be imposed. *In Re Fink,* 63 Cal. Rptr. 369, 433 P.2d 161 (1967) ; *State v. Randolph,* 186 Neb. 297, 183 N.W.2d 225 (1971) ; *State v. Haynie,* 115 N.J. Super. 417, 279 A.2d 909 (1971).

[5] Act of May 26, 1972, P. L. 313, No. 84, §1, 75 P.S. §624 (Supp. 1973-74).

[6] For examples of saving clauses see: Act of December 6, 1972, P. L. 1482, No. 334, §2, *eff.,* June 6, 1973; Act of April 29, 1959, P. L. 58, §104, 75 P.S. §104.