J-E02002-25

2026 PA Super 85

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
DWAYNE ERIC LEE : No. 1471 MDA 2023

Appeal from the Judgment of Sentence Entered June 29, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003175-2022

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., OLSON, J., STABILE, J.,
KUNSELMAN, J., MURRAY, J., KING, J., SULLIVAN, J., and LANE, J.

OPINION BY OLSON, J.: **FILED: APRIL 23, 2026**

The Commonwealth of Pennsylvania appeals from the judgment of

sentence entered against Dwayne Eric Lee ("the Defendant") on June 29,

2023, as made final by the denial of the Defendant's post-sentence motion on

October 6, 2023. We vacate the Defendant's sentence as illegal and remand

for resentencing.

On May 19, 2022, Pennsylvania State Police Trooper Shane Sager filed

a criminal complaint against the Defendant. As the complaint alleged, on May

17, 2022, Trooper Sager observed the Defendant driving a motorcycle on a

highway. Upon learning that the Defendant's operating privilege was

suspended as a result of a driving under the influence of alcohol ("DUI")

conviction, Trooper Sager activated his emergency lights and siren in an

attempt to initiate a traffic stop of the Defendant.  Affidavit of Probable Cause, 5/19/22, at 1.  The complaint alleged:

> At that time, the operator conducted a U turn maneuver at [an] intersection . . . and accelerated at a high rate of speed now traveling [eastbound] on Allentown [Boulevard].  While the operator was conducting the U turn, I observed the [operator's] face through his clear [windscreen] on his helmet and observed the operator to be [the Defendant].  I then observed the motorcycle fail to stop at [a red traffic light] and nearly strike multiple cars as he traveled onto [North Mountain Road.  The Defendant] then utilized the ramp to [Interstate 81 South] and accelerated at a high rate of speed while on [the road, traveling] in excess of 126 mph in a [] 55 mph zone.

*Id.*

"Trooper Sager terminated his pursuit of [the Defendant] due to safety and was unable to detain him."  Trial Court Opinion, 12/20/23, at 1-2.

The Defendant was later arrested and the Commonwealth charged him with numerous crimes, including driving while operating privilege is suspended or revoked because of a DUI (hereinafter "DUS"), under 75 Pa.C.S.A. § 1543(b)(1)(i), fleeing or attempting to elude a police officer, under 75 Pa.C.S.A. § 3733(a), and recklessly endangering another person ("REAP"), under 18 Pa.C.S.A. § 2705.  Amended Information, 6/29/23, at 1-3.

Prior to trial, the Defendant filed a motion *in limine*, where he sought to exclude proffered evidence that, if believed, would show that the Defendant "was riding his motorcycle in West Hanover Township on May 21, 2022, was involved in a single-vehicle crash, and then walked away from the scene before police arrived."  The Defendant's Motion *in Limine*, 6/26/23, at 2.  The

trial court denied the Defendant's motion and, during the ensuing jury trial, the Commonwealth introduced evidence of the Defendant's May 21, 2022 motorcycle accident. *See* N.T. Trial, 6/29/23, at 17-51.

At the conclusion of the Defendant's trial, the jury found the Defendant not guilty of fleeing or attempting to elude an officer and REAP. *Id.* at 119. The trial court, however, found the Defendant guilty of numerous summary offenses, including DUS under 75 Pa.C.S.A. § 1543(b)(1)(i). On June 29, 2023, the trial court sentenced the Defendant to pay fines and the costs of prosecution; the trial court did not order that the Defendant serve any time in jail for his summary convictions. *See* N.T. Trial, 6/29/23, at 126.

Following the denial of the Defendant's post-sentence motion, the Defendant and the Commonwealth filed timely notices of appeal. On appeal, the Defendant claimed that the trial court erred when it denied his motion *in limine*; the Commonwealth claimed that the Defendant's sentence was illegal, as the trial court "failed to impose a mandatory term of not less than 60 days' nor more than 90 days' incarceration" for the Defendant's Section 1543(b)(1)(i) DUS conviction. *See* The Defendant's Brief at 14; Commonwealth's Brief at 4.

A three-judge panel of this Court originally affirmed the Defendant's convictions, but vacated his sentence as illegal under Section 1543(b)(1)(i). Regarding the illegal sentencing claim, the panel relied upon the plain language of Section 1543(b)(1)(i) and the non-precedential decision in ***Commonwealth v. Isadore***, 307 A.3d 677 (Pa. Super. 2023)

(non-precedential decision)[1] to conclude that the Defendant's sentence was illegal. In particular, the panel concluded that, under Section 1543(b)(1)(i), the trial court was required to sentence the Defendant to serve a mandatory term of "imprisonment for a period of not less than 60 days nor more than 90 days" for the Section 1543(b)(1)(i) DUS conviction. Since the trial court ordered that the Defendant serve no time in jail for this conviction, the panel concluded that the Defendant's sentence was illegal; thus his judgment of sentence was vacated and the case was remanded for resentencing.

The Defendant filed a timely motion for reargument and claimed that the conclusion of the three-judge panel in his case was incorrect, as the panel failed to take into account our precedential opinion in **Commonwealth v. White**, 268 A.3d 499 (Pa. Super. 2022). In **White**, a three-judge panel of this Court held that "the phrase 'not less than 60 days nor more than 90 days' [in Section 1543(b)(1)(i)] described the **potential maximum sentence**" for a Section 1543(b)(1)(i) violation – and that the statute did not mandate any specific minimum sentence. **See White**, 268 A.3d at 501 (emphasis added). Thus, the Defendant claimed, his sentence of zero days' imprisonment was not illegal under **White's** interpretation of Section 1543(b)(1)(i).

---

[1] Non-precedential decisions of this Court filed after May 1, 2019 may be cited for their persuasive value. **See** Pa.R.A.P. 126(b).

On March 3, 2025, this Court granted *en banc* reargument of this case and withdrew the panel's prior decision.[2] Order, 3/3/25, at 1. The Defendant then voluntarily discontinued his cross-appeal, which challenged the trial court's ruling on his motion *in limine*. **See** Order, 4/30/25, at 1. We are thus presented with one issue on appeal:

> Whether the trial court erred in imposing an illegal sentence and/or abused its discretion in misapplying the law and imposing an unreasonable sentence where it failed to impose a mandatory term of not less than 60 days' nor more than 90 days' incarceration pursuant to 75 Pa.C.S.A. § 1543(b)(1)(i)?

Commonwealth's Brief at 4.

The Commonwealth claims that the Defendant's sentence is illegal. "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." **Commonwealth v. Whalley**, 326 A.3d 948, 950 (Pa. Super. 2024) (quotation marks and citations omitted); **see also Commonwealth v. Prinkey**, 277 A.3d 554, 563 (Pa. 2022) ("the appellant's challenge implicates the legality of his sentence" where, "assuming the appellant's claim prevails, the result would be that the trial court lacked authority to impose the sentence at issue"); **Commonwealth v. Foster**, 960 A.2d 160, 168 (Pa. Super. 2008) (the "Commonwealth's assertion of error by a trial court in failing to apply a mandatory minimum sentence relates to its legality").

_____

[2] We also consolidated this case with **Commonwealth v. Blount**, 2729 EDA 2023.

"A claim that the trial court erroneously imposed an illegal sentence is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo*." **Whalley**, 326 A.3d at 950 (quotation marks and citations omitted). "Moreover, challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by this Court." **Id.** (quotation marks and citations omitted).

Resolving the issue on appeal requires that we interpret various statutes. "Our task is guided by the sound and settled principles set forth in the Statutory Construction Act, including the primary maxim that the object of statutory construction is to ascertain and effectuate legislative intent." **Commonwealth v. Shiffler**, 879 A.2d 185, 189 (Pa. 2005); **see also** 1 Pa.C.S.A. § 1921(a). "In pursuing that end, we are mindful that when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." **Shiffler**, 879 A.2d at 189 (quotation marks, citations, and corrections omitted); **see also** 1 Pa.C.S.A. § 1921(b).

When ascertaining the intent of the General Assembly, we presume, among other things, that the General Assembly does not intend "a result that is absurd, impossible of execution or unreasonable" or one which "violate[s] the Constitution." 1 Pa.C.S.A. § 1922(1) and (3). Moreover, we "presume that when enacting legislation, the General Assembly is familiar with extant law." **Commonwealth v. Edwards**, 256 A.3d 1130, 1137 (Pa. 2021).

"Statutes *in pari materia* shall be construed together, if possible, as one statute." 1 Pa.C.S.A. § 1932. Nevertheless, relevant to the case at bar is the following principle:

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S.A. § 1933.

Finally, we observe that, in this case, we are interpreting penal statutes. Penal statutes must be strictly construed. *See* 1 Pa.C.S.A. § 1928(b)(1). As our Supreme Court has explained, the principle of strict construction "does not require that [we] give the words of a statute their 'narrowest possible meaning,' nor does it override the general principle that the words of a statute must be construed according to their common and approved usage." *Commonwealth v. Hart*, 28 A.3d 898, 908 (Pa. 2011) (some quotation marks and citations omitted). "Rather, where doubt exists concerning the proper scope of a penal statute, it is the accused who should receive the benefit of such doubt." *Id.* (quotation marks and citations omitted).

The Defendant was convicted of DUS under 75 Pa.C.S.A. § 1543(b)(1)(i). Section 1543(b)(1)(i) declares:

> A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's

- 7 -

operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. § 1543(b)(1)(i) (effective December 24, 2018 to January 2, 2024).[3]

The disagreement in the case at bar centers around the sentencing language in the statute and, specifically, upon the language declaring that a person convicted of violating Section 1543(b)(1)(i) "shall, upon a first conviction, be guilty of a summary offense and shall be sentenced . . . to undergo imprisonment for a period of not less than 60 days nor more than 90 days." *See id.* Read in isolation, this language is susceptible to a variety of divergent interpretations. Possible interpretations of the phrase include: 1) the language delineates the range within which the maximum sentencing term must fall (thus permitting, for example, a possible sentence of 45 to 90 days in jail or, as occurred in this case, a sentence of zero days in jail); 2) the language creates the range within which the minimum sentencing term must fall (thus requiring a minimum sentence of between 60 and 90 days in jail,

---

[3] As discussed in greater detail, *infra*, Section 1543(b)(1)(i) was amended on December 22, 2025.

but not requiring any particular maximum sentence); 3) the language mandates a flat sentence, where the sentence must fall within the 60- to 90-day range (thus permitting, for example, a flat sentence of 70 days in jail); and, 4) the language defines a sentencing range that mandates a 60-day minimum sentence and a 90-day statutory maximum sentence and that demands the trial court impose a minimum and a maximum sentence, rather than a flat sentence (thus permitting, for example, a possible sentence of 70 to 80 days in jail). We find that our Supreme Court precedent, the relevant statutes, and our rules of statutory construction permit only the final interpretation listed above. Thus, we conclude that the phrase "shall be sentenced . . . to undergo imprisonment for a period of not less than 60 days nor more than 90 days" in Section 1543(b)(1)(i) defines a sentencing range that mandates a 60-day minimum sentence and a 90-day statutory maximum sentence, and forbids a flat sentence. In explaining this conclusion, we consider the possible interpretations of the relevant statutory language as follows.

**A) Maximum Sentencing Range.**

The trial court in the case at bar concluded that the phrase "shall be sentenced . . . to undergo imprisonment for a period of not less than 60 days nor more than 90 days" merely delineates the range within which the maximum sentencing term must fall for a Section 1543(b)(1)(i) DUS violation. This conclusion was mandated by our opinion in *White* and, consistent with

***White***, the trial court sentenced the Defendant to serve no time in jail for violating Section 1543(b)(1)(i). We, however, conclude that ***White's*** holding is contrary to our Supreme Court's precedent in ***Commonwealth v. Eid***, 249 A.3d 1030 (Pa. 2021). We, thus, overrule ***White***.

In ***White***, the defendant was convicted of DUS under Section 1543(b)(1)(i) and sentenced to serve a term of 30 to 60 days in jail. ***White***, 268 A.3d at 500. On appeal, White claimed that Section 1543(b)(1)(i) was "unconstitutionally vague because it fails to specify the range of available sentences with sufficient clarity." ***Id.*** (quotation marks omitted); ***see also Commonwealth v. Bell***, 645 A.2d 211, 215 n.9 (Pa. 1994) ("We believe that fairness requires that a defendant be notified of the maximum sentence he could face for committing a particular offense. Otherwise, the trial judge is free to impose an arbitrary or discriminatory sentence"). The three-judge panel in ***White*** rejected the constitutional claim and concluded that "the phrase 'not less than 60 days nor more than 90 days' described the potential maximum sentenc[ing]" range for a Section 1543(b)(1)(i) DUS violation. ***White***, 268 A.3d at 501. Thus, ***White*** concluded that, since "Section 1543(b)(1)(i) specifies the range of a defendant's potential maximum sentence with sufficient clarity," the statute was not unconstitutional. ***Id.***

***White's*** analysis appeared solely concerned with the constitutional question presented on appeal. Nevertheless, ***White*** specifically declared that Section 1543(b)(1)(i)'s phrase "not less than 60 days nor more than 90 days" "described the potential maximum sentenc[ing]" range for a Section

1543(b)(1)(i) DUS violation. **See White**, 268 A.3d at 501. Further, the panel affirmed White's sentence of 30 to 60 days in jail, presumably because White's 60-day maximum sentence fell within Section 1543(b)(1)(i)'s "60 to 90 day" "maximum sentencing range" and White's 30-day minimum sentence did not "exceed one-half of the maximum sentence imposed." **See** 42 Pa.C.S.A. § 9756(b)(1); **see also Whalley**, 326 A.3d at 950 (authorizing *sua sponte* appellate review of illegal sentences). Thus, **White's** conclusion that the phrase "not less than 60 days nor more than 90 days . . . described the potential maximum sentenc[ing]" range for a Section 1543(b)(1)(i) DUS violation appears essential to its holding and bound the trial court in the case at bar.

**White's** holding in this regard derives from 42 Pa.C.S.A. § 9756(b)(1)'s general requirement, which mandates that a sentencing court "impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed," as well as our Supreme Court's 1959 opinion in **Commonwealth v. Glover**, 156 A.2d 114 (Pa. 1959).

In **Glover**, the defendant was "convicted of giving away drugs in violation of the Drug Act of 1957" and sentenced to serve a term of five to ten years in prison. **Id.** at 115. The **Glover** Court noted that, "[a]t the time of sentencing the trial judge said that he believed the sentence to be 'quite excessive' and was imposing it only because he believed it was mandatory under § 12 of the Act." **Id.** at 115-116. This statute declared:

Any person who sells, dispenses or gives away any drugs in violation of the provisions of this act shall be guilty of a felony, and, upon conviction thereof, shall be sentenced as follows: for a first offense, to pay a fine not exceeding five thousand dollars ($5000) and to undergo imprisonment by separate or solitary confinement at labor of not less than five (5) years and not exceeding ten (10) years.

*See id.* at 116 (quotation marks and citations omitted).

The Supreme Court accepted review to consider the meaning of the phrase "shall be sentenced . . . to undergo imprisonment . . . of not less than [five] years and not exceeding [ten] years." *See id.*

The *Glover* Court held that the statutory language established a maximum sentencing range of between five and ten years in prison, where "the precise maximum between those limitations [was] in the discretion of the [sentencing] court." *Id.* Further, the Court declared: "[t]he precise minimum sentence is also in the discretion of the sentencing judge subject only to the requirement that it shall not exceed more than one-half the maximum sentence . . . and in no event more than five years." *Id.* at 116-117. The *Glover* Court reasoned:

This interpretation is [] borne out by the use of the phrase "and not exceeding [ten] years." If we were to interpret this act so that the trial judge must impose a [minimum] sentence of five years and a maximum sentence of ten years, of what effect would be the words "not exceeding" ten years as applied to the maximum term? The word "sentence" when unmodified by the words "maximum" or "minimum" necessarily refers only to the maximum sentence for that is the legal sentence. The minimum sentence is merely an administrative notice by the court to the parole board that the question of parole might, at its expiration, properly be considered.

- 12 -

***Id.*** at 117. Thus, the ***Glover*** Court vacated the defendant's judgment of sentence and remanded for resentencing, as the trial court was not required to sentence the defendant to a term of five to ten years in prison. ***See id.***

In its 2021 opinion in ***Commonwealth v. Eid***, 249 A.3d 1030 (Pa. 2021), however, the Pennsylvania Supreme Court reinterpreted the language "not less than" in a sentencing statute and – contrary to ***Glover*** – held that the phrase, "by its plain terms, establishes a mandatory **minimum** term below which a sentencing court may not fall when imposing a penalty." ***Eid***, 249 A.3d at 1042 (emphasis in original), *citing* ***Commonwealth v. O'Brien***, 514 A.2d 618, 620 (Pa. Super. 1986) ("The words 'not less than' used in the statute unambiguously connote a minimum term of imprisonment. It strains all notions of common sense to suggest that 'not less than' can reasonably be interpreted as meaning 'maximum'").

In ***Eid***, Eid was convicted of violating 75 Pa.C.S.A. § 1543(b)(1.1)(i), which criminalizes DUS, where the individual also has a certain amount of alcohol or controlled substance in his or her blood (hereinafter "DUS Plus"). The relevant statute declared:

> A person who has an amount of alcohol by weight in his blood that is equal to or greater than .02% at the time of testing or who at the time of testing has in his blood any amount of a Schedule I or nonprescribed Schedule II or III controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or its metabolite or who refuses testing of blood or breath and who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as

a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 or former section 3731 or because of a violation of section 1547(b)(1) or 3802 or former section 3731 or is suspended under section 1581 for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

*See Eid*, 249 A.3d at 1034 n.5; *see also* 75 Pa.C.S.A. § 1543(b)(1.1)(i) (effective September 4, 2012 to October 19, 2018).

Eid was convicted of DUS Plus under Section 1543(b)(1.1)(i) and sentenced to serve a term of 90 days to six months in jail for this conviction. *See Eid*, 249 A.3d at 1035.

On appeal to the Supreme Court, Eid argued that the DUS Plus statute was unconstitutionally vague, and his sentence was thus illegal, as the statute did not define a maximum penalty for the offense. *Eid*, 249 A.3d at 1038; *see also Bell*, 654 A.2d at 215 n.9 ("[w]e believe that fairness requires that a defendant be notified of the maximum sentence he could face for committing a particular offense. Otherwise, the trial judge is free to impose an arbitrary or discriminatory sentence").

In analyzing Eid's claim, the Supreme Court observed that the DUS Plus statute declares that a person in violation of the statute "shall be sentenced to . . . undergo imprisonment **for a period of not less than 90 days**" and defines the crime as a summary offense. *See Eid*, 249 A.3d at 1034 (emphasis added); *see also* 75 Pa.C.S.A. § 1543(b)(1.1)(i). The *Eid* Court initially held that the "phrase 'not less than 90 days,' by its plain terms,

- 14 -

establishes a mandatory **minimum** term below which a sentencing court may not fall when imposing a penalty." *Eid*, 249 A.3d at 1042 (emphasis in original). The *Eid* Court observed that "the statute is silent as far as the available maximum sentence is concerned." *Id.*

In the end, the *Eid* Court refused the Commonwealth's request to "infer[] a particular [maximum] duration of punishment" in the statute and concluded that 75 Pa.C.S.A. § 1543(b)(1.1)(i) was unconstitutionally vague, as it failed to affix a maximum penalty for its violation.[4] *Id.* at 1044.

*Eid's* interpretation of the phrase "not less than" in Section 1543(b)(1.1)(i) controls this Court's interpretation of the substantively identical language in Section 1543(b)(1)(i). Thus, we conclude that *Eid's* holding that the "phrase 'not less than 90 days,' by its plain terms, establishes a mandatory **minimum** term below which a sentencing court may not fall when imposing a penalty" is in conflict with our conclusion in *White*, where we held that the phase "not less than" established the floor of the **maximum** sentencing range. *See Eid*, 249 A.3d at 1042 (emphasis in original); *see also v. O'Brien*, 514 A.2d at 620 ("The words 'not less than' used in the statute unambiguously connote a minimum term of imprisonment. It strains

---

[4] General sentencing terms prescribed for summary offenses under the Crimes Code are not applicable to the Motor Vehicle Code. *See* 75 Pa.C.S.A. § 6502(c) ("Title 18 (relating to crimes and offenses), insofar as it relates to fines and imprisonment for convictions of summary offenses, is not applicable to [the Vehicle Code]"); 18 Pa.C.S.A. § 106(c) (defining a summary offense under the Crimes Code).

all notions of common sense to suggest that 'not less than' can reasonably be interpreted as meaning 'maximum'"). Therefore, we conclude **White** is inconsistent with **Eid**, to the extent **White** held that Section 1543(b)(1)(i)'s phrase "not less than 60 days nor more than 90 days" "described the potential maximum sentenc[ing]" range for a Section 1543(b)(1)(i) DUS violation. We thus overrule this aspect of **White**. **See Commonwealth v. Morris**, 958 A.2d 569, 580 n.2 (Pa. Super. 2008) (*en banc*) ("[i]t is well-settled that this Court, sitting *en banc*, may overrule the decision of a three-judge panel of this Court").

Consistent with **Eid**, we conclude that the phrase "not less than 60 days" in Section 1543(b)(1)(i) "establishes a mandatory **minimum** term below which a sentencing court may not fall when imposing a penalty." **See Eid**, 249 A.3d at 1042 (emphasis in original). Hence, the phrase "shall be sentenced . . . to undergo imprisonment for a period of not less than 60 days nor more than 90 days" does not establish a maximum sentencing range for a Section 1543(b)(1)(i) DUS violation.

**B) Minimum Sentencing Range.**

As noted above, a second possible reading of the phrase "shall be sentenced . . . to undergo imprisonment for a period of not less than 60 days nor more than 90 days" in Section 1543(b)(1)(i) is that the language creates a range within which a minimum sentencing term for a Section 1541(b)(1)(i) DUS violation must fall. This interpretation of Section 1543(b)(1)(i) would

create a floor, but not a ceiling, for a Section 1543(b)(1)(i) DUS violation, thus requiring a 60- to 90-day minimum sentence, but not requiring any particular maximum sentence.

This interpretation of Section 1543(b)(1)(i) is untenable under **Eid**, as the absence of a maximum term of imprisonment would render the statute unconstitutionally vague. **See Eid**, 249 A.3d at 1044 ("the absence of a maximum term renders the pertinent [DUS Plus] sentencing provision unconstitutionally vague and inoperable"). As we presume "[t]hat the General Assembly does not intend to violate the Constitution," we conclude that this interpretation of Section 1543(b)(1)(i) immediately fails. 1 Pa.C.S.A. § 1922(3).

**C) Flat Sentence/Mandated Sentencing Range.**

At the outset, we hold that the relevant language in Section 1543(b)(1)(i) does not authorize a flat sentence, as the statutory language does not expressly provide for a flat sentence.[5] Rather, the language of Section 1543(b)(1)(i) clearly and unambiguously requires an indeterminate

---

[5] Absent an expressly stated flat sentence, we note that our Sentencing Code generally favors an indeterminate sentence. **See** 42 Pa.C.S.A. § 9756. We further assume that the General Assembly knows how to adopt a flat sentence if it so chooses. To be sure, although our focus in this appeal has been upon Section 1543(b)(1)(i)'s requirement that a defendant "shall be sentenced . . . to undergo imprisonment for a period of not less than 60 days nor more than 90 days," we note that Section 1543(b)(1)(i) also requires that the court sentence the defendant "to pay a fine of $500." **See** 75 Pa.C.S.A. § 1543(b)(1)(i). Thus, in the same sentence under consideration, the General Assembly mandated a flat fine of $500.

sentence, with a statutorily authorized minimum and a statutorily approved maximum sentence for a DUS violation. *See Shiffler*, 879 A.2d at 189 ("when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit") (quotation marks, citations, and corrections omitted); *see also* 1 Pa.C.S.A. § 1921(b).

Specifically, in accordance with *Eid*, the phrase "not less than 60 days" in Section 1543(b)(1)(i), "by its plain terms, establishes a mandatory **minimum** term below which a sentencing court may not fall when imposing a penalty." *See Eid*, 249 A.3d at 1042 (emphasis in original). Section 1543(b)(1)(i)'s phrase "nor more than 90 days" plainly creates the statutory **maximum** penalty for violating Section 1543(b)(1)(i). Finally, Section 1543(b)(1)(i)'s declaration that a defendant "shall be sentenced . . . to undergo imprisonment for a period of not less than 60 days nor more than 90 days," unambiguously requires an indeterminate sentence, with a mandatory minimum sentence of 60 days and a statutory maximum sentence of 90 days for a DUS violation.

We recognize that our interpretation of Section 1543(b)(1)(i) is in conflict with 42 Pa.C.S.A. § 9756(b)(1)'s general requirement that a criminal sentence must have a minimum term that is no greater than half of its maximum term. *See* 42 Pa.C.S.A. § 9756(b)(1) ("The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed"). Nevertheless, the statutory language in

Section 1543(b)(1)(i) is explicit and clear. Further, under our rules of statutory construction:

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S.A. § 1933.

In applying 1 Pa.C.S.A. § 1933 to the case at bar, we note that "the minimum-maximum provision of Section 9756(b)(1) is the general provision because it applies to all criminal sentences." *Commonwealth v. Ramos*, 83 A.3d 86, 92 (Pa. 2013). Section 1543(b)(1)(i)'s sentencing language constitutes the "special provision," as this language only applies to DUS offenders. *See id.* Moreover, Section 1543(b)(1)(i) demands the imposition of an indeterminate sentence, with a statutorily approved minimum sentence of "not less than 60 days" and a statutorily authorized maximum sentence of 90 days. This sentencing range is, by its express terms, in irreconcilable conflict with Section 9756(b)(1)'s general requirement that a criminal sentence have a minimum term that is no greater than one-half of its maximum term. *See* 42 Pa.C.S.A. § 9756(b)(1). As 1 Pa.C.S.A. § 1933 instructs: "[i]f the conflict between [a general and a special] provision[] is irreconcilable, the special provisions shall prevail and shall be construed as an

exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail." 1 Pa.C.S.A. § 1933.

"[T]he minimum-maximum provision of [42 Pa.C.S.A. § 9756(b)(1)] was enacted in 1974." **See Ramos**, 83 A.3d at 93; **see also Ramos**, 83 A.3d at 92 ("in 1974, the Legislature provided for the indeterminate sentence scheme applicable to all criminal sentences. 42 Pa.C.S.A. § 9756(b)(1) (originally enacted as 18 Pa.C.S.A. § 1356(b))"). The relevant language of 75 Pa.C.S.A. § 1543(b)(1)(i) – providing that a DUS offender "shall be sentenced . . . to undergo imprisonment for a period of not less than 60 days nor more than 90 days" – originally appeared in Section 1543 on February 1, 2004.[6]

Since the special provision of Section 1543(b)(1)(i) was enacted after the general minimum-maximum provision of 42 Pa.C.S.A. § 9756(b)(1) – and since the two provisions are in irreconcilable conflict – we conclude that "the special provision[ of Section 1543(b)(1)(i)] shall prevail and shall be construed as an exception to the general provision" of Section 9756(b)(1). 1 Pa.C.S.A. § 1933; **see also Edwards**, 256 A.3d at 1137 ("we . . . presume that when enacting legislation, the General Assembly is familiar with extant

---

[6] Prior to February 1, 2004, Section 1543 declared that a DUS violation was "a summary offense and [the violator] shall be sentenced . . . to undergo imprisonment for a period of not less than 90 days." **See** 75 Pa.C.S.A. § 1543(b)(1) (effective December 3, 2002 to January 31, 2004). Effective February 1, 2004, the DUS statute was amended to declare that, upon conviction, a DUS violator "shall be sentenced . . . to undergo imprisonment for a period of not less than 60 days nor more than 90 days." **See** 75 Pa.C.S.A. § 1543(b)(1) (effective February 1, 2004 to September 3, 2012).

law").  As such, we conclude that Section 1543(b)(1)(i) creates an unambiguous sentencing range for a Section 1543(b)(1)(i) DUS violation, where the minimum sentence must be "not less than 60 days," the statutory maximum sentence is 90 days, and the sentence must be indeterminate.  The Defendant's sentence of zero days in jail thus violates Section 1543(b)(1)(i)

and is illegal.[7]  We are, therefore, required to vacate the Defendant's judgment of sentence and remand for resentencing.[8]

_____

[7] We note that, effective December 22, 2025, Section 1543(b)(1)(i) was amended to provide for a flat sentence of 60 days in jail.  *See* 75 Pa.C.S.A. § 1543(b)(1)(i) (effective December 22, 2025) (providing that a person convicted of DUS under Section 1543(b)(1)(i) "shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of 60 days").  Effective December 22, 2025, 42 Pa.C.S.A. § 9756 was also amended.  Specifically, 42 Pa.C.S.A. § 9756(c.2) was added and provides, in relevant part:  "[n]otwithstanding any other provision of law, a court may impose a determinate sentence under 75 Pa.C.S. (relating to vehicles) where the violation is graded as a summary offense and the maximum sentence of total confinement is 90 days or less."  42 Pa.C.S.A. § 9756(c.2) (effective December 22, 2025).  Although this "notwithstanding" language is newly added and was not present in the statutes we interpreted today, "there is no indication that the Legislature, in failing to include the same prefatory language in [the earlier version of Section 9756 or in 75 Pa.C.S.A. § 1543], demonstrated a manifest intent for courts to ignore other rules of statutory construction, like Section 1933."  *See Ramos*, 83 A.3d at 432.  "Accordingly, under 1 Pa.C.S.A. § 1933, the general provision of 42 Pa.C.S.A. § 9756(b)(1), regarding minimum and maximum sentences, must yield to the specific sentencing provision[] of" Section 1543(b)(1)(i).  Therefore, as explained above, at the time the Defendant was sentenced, the trial court was required to sentence the Defendant to serve an indeterminate term of "not less than 60 days nor more than 90 days" in jail, thus rendering the Defendant's current sentence illegal.  *See Ramos*, 83 A.3d at 433.

[8] As noted above, effective December 22, 2025, Section 1543(b)(1)(i) was amended to provide for a flat sentence of 60 days in jail.  *See* 75 Pa.C.S.A. § 1543(b)(1)(i) (effective December 22, 2025).  Our rules of statutory construction contain general presumptions against granting statutes retroactive effect.  *See* 1 Pa.C.S.A. § 1926 ("[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly"); 1 Pa.C.S.A. § 1953 ("[w]henever a section or part of a statute is amended, the amendment shall be construed as merging into the original statute, become a part thereof, and replace the part amended, and the remainder of the original statute and the amendment shall be read together and viewed as one statute passed at one time; but the portions of the statute
*(Footnote Continued Next Page)*

---

which were not altered by the amendment shall be construed as effective from the time of their original enactment, and the new provisions shall be construed as effective only from the date when the amendment became effective"). Nevertheless, with respect to ameliorative amendments to **sentencing statutes** – which reduce the criminal penalty after the defendant commits the crime but before he is sentenced – we have held that the defendant is entitled to receive the benefit of the reduced penalty. ***See Commonwealth v. Swavely***, 322 A.2d 710 (Pa. Super. 1974) (the defendant was arrested for DUS and, at the time of his arrest, the statute provided for a possible sentence of "not more than [three] years" in prison; prior to sentencing, the legislature amended the DUS statute to provide a maximum term of "not more than [two] months" in jail; we held that the trial court "erred in sentencing [the defendant] under the [more punitive and] repealed penalty provision of" the DUS statute, as the amendment to the sentencing provision was ameliorative and the relevant statute "did not contain any 'saving clause' to continue the effect of the prior repealed penalty provision"); ***see also Commonwealth ex rel. Milk v. Maroney***, 181 A.2d 702 (Pa. Super. 1962) (holding: the defendant is entitled to benefit from an ameliorative amendment to a sentencing provision, where the amendment occurred after the defendant committed the crime, but before sentencing).

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

President Judge Lazarus, Judge Kunselman, Judge Murray, Judge King, Judge Sullivan, and Judge Lane join this Opinion.

Judge Stabile files a Dissenting Opinion which President Judge Emeritus Panella joins.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/23/2026